IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. LUNDEEN, SR.,

    Plaintiff,

vs.                                        Civil Action 2:11-cv-430
                                              Judge Smith
                                              Magistrate Judge King

JAMES S. RIDGE,

    Defendant.


## OPINION AND ORDER

       Plaintiff, who is proceeding without the assistance of counsel, brings this action for monetary damages against an Ohio Municipal Court Judge in connection with the issuance of a search warrant. The *Complaint*, Doc. No. 2, specifically alleges that defendant issued the warrant under false pretenses and as a retaliatory measure, that defendant thereafter "refused to hold a hearing" on plaintiff's "Motion to Quash" the search warrant and that defendant refused or failed to order the return of items seized during the execution of the warrant, thereby denying plaintiff his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff also appears to assert a claim of obstruction of justice under 18 U.S.C. §1512(c). The *Complaint* names defendant in both his official and personal capacities. *Id*. On October 18, 2011, the United States Magistrate Judge issued a *Report and Recommendation* recommending that defendant's motion to dismiss, Doc. Nos. 9, 11, be granted. *Report and Recommendation*, Doc. No. 16.

This matter is before the Court on plaintiff's objection to that *Report and Recommendation*, Doc. No. 17, which the Court will consider *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Plaintiff first objects to the Magistrate Judge's conclusion that the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to review the legality of the decisions of a court of the State of Ohio. Doc. No. 17, pp. 6-10. This doctrine takes its name from two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although the doctrine bars federal litigation of claims based on the state-court judgment itself, *Rooker-Feldman* does not preclude actions based on "some other source of injury, such as a third party's actions." *Id*.

Plaintiff argues that the *Rooker-Feldman* doctrine does not apply to the claims sought to be asserted in this action because plaintiff asks this Court to review defendant's alleged "willful neglect of duty when there is not a legal option to do so" or alleged inaction rather than defendant's "judicial practices and decisions[.]" Doc. No. 17, pp. 8-10. Specifically, plaintiff contends that defendant's "knowing and willful failure to take any action on the issue of seized privileged materials," which allegedly constituted an

2

unreasonable search and seizure under the Fourth Amendment to the United States Constitution, forms the basis for plaintiff's current claims. *Id*. Under these circumstances, plaintiff argues, there "was no state court judgment" and plaintiff had no opportunity to appeal. *Id*. at 9-10. This Court disagrees. Although plaintiff characterizes defendant's decisions as inaction, defendant's decisions to issue the search warrant and subsequent refusal to hold a hearing and failure to order the return of seized, "privileged," documents is undeniably action by the state court. Accordingly, and notwithstanding plaintiff's characterization of these actions as inaction or "willful neglect of duty," the fact remains that plaintiff is nevertheless asking this Court to review and reject defendant's decisions, which the *Rooker-Feldman* doctrine forbids. *See Exxon Mobil Corp.*, 544 U.S. at 284.

Plaintiff's insistence that defendant's inaction or "neglect of duty" was unlawful does not militate a different result. The source of plaintiff's alleged injury – the issuance of the search warrant and subsequent refusal to hold a hearing and failure to order that "privileged" documents be returned to plaintiff - remains the state court judgment itself. The Court therefore agrees with the Magistrate Judge that the *Rooker-Feldman* bars consideration by this Court of plaintiff's claims.

Plaintiff next objects to the Magistrate Judge's conclusion that defendant is absolutely immune from monetary liability by reason of defendant's judicial capacity. Doc. No. 17, pp. 10-20. Plaintiff argues that defendant's inaction – *i.e.,* the decisions identified

*supra* – is not a judicial act and therefore does not serve to immunize defendant. *Id*. More specifically, plaintiff contends that judicial immunity does not protect defendant where he lacked authority to willfully neglect his duty and, therefore, aid and/or abet the obstruction of justice. *Id*.

Once again, this Court disagrees. Absolute judicial immunity protects judges from claims for monetary damages based on judicial actions. *DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999). As the Magistrate Judge previously explained, in determining whether an act is "judicial," a court must first consider whether the act in question is a function that is "normally performed by a judge." *Report and Recommendation*, pp. 3-4 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Under Ohio law, defendant has the authority to issue search warrants. O.R.C. §2933.21(A); Ohio Crim. R. 41(A); *Burns v. Reed,* 500 U.S. 478, 492 (1991) ("The issuance of a search warrant is unquestionably a judicial act"). Similarly, defendant's decisions rendered in the underlying state court proceeding and his resolution of pending motions are basic judicial actions. The fact that plaintiff disagrees with those decisions – including the refusal to order that allegedly privileged documents be returned to plaintiff – and believes that defendant acted unreasonably, does not mean that defendant's decisions were not judicial. Accordingly, the doctrine of judicial immunity protects defendant from monetary liability - the only form of relief sought by plaintiff in this action.

Finally, the Court notes that, to the extent that plaintiff

asserts a claim of obstruction of justice based on 18 U.S.C. §1512(c), such claim is without merit. *See American Postal Worker's Union AFL-CIO, Detroit Local v. Independent Postal Sys. of America*, 481 F.2d 90, 93 (6th Cir. 1973) (noting that the general rule is that a private right of action is not maintainable under a criminal statute).

Having carefully reviewed the record, the *Report and Recommendation*, and plaintiff's objections, the Court agrees with the conclusions of the United States Magistrate Judge. Plaintiff's objections, Doc. No. 17, are **DENIED.** The *Report and Recommendation*, Doc. No. 16, is **ADOPTED and AFFIRMED**. Defendant's motion to dismiss, Doc. Nos. 9, 11, is **GRANTED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT**.

*s/George C. Smith*
**George C. Smith, Judge**
**United States District Court**